IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD M. RUH, #A0209217, | ) ) ) | CIV. NO. 16-00034 LEK/RLP |
| Petitioner, | ) ) ) | ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |
| vs. | ) ) | |
| STATE OF HAWAII, et al., | ) ) | |
| Respondents. | ) ) ) | |

**ORDER DISMISSING PETITION AND DENYING**
**CERTIFICATE OF APPEALABILITY**

**I.   INTRODUCTION**

Before the court is pro se petitioner Richard M. Ruh's petition for writ of habeas corpus ("Petition"). Pet., Doc. No. 1.  Petitioner challenges the Hawaii Paroling Authority's ("HPA") allegedly illegal calculation of his maximum consecutive terms after it revoked his parole in 2008, in *State v. Ruh*, Cr. No. 93-0173(2), and *State v. Ruh*, Cr. No. 94(0092(1).

The court ordered Respondent and Petitioner to address the procedural issues present in the Petition, particularly its apparent time-bar.  Doc. No. 7. Respondent argues the Petition must be dismissed as

time-barred pursuant to 28 U.S.C. § 2244(d), and that Ground Six is unexhausted.  Prelim. Answer, Doc. No. 8. Petitioner asserts that he is entitled to equitable tolling of the statute and that the Petition is not procedurally barred.  *See* Reply, Doc. Nos. 9-11.

Because Petitioner fails to state a cognizable federal claim for relief under 28 U.S.C. § 2254, the Petition is DISMISSED with prejudice.  The court need not address whether equitable tolling applies to render Petitioner's claims timely.  Any pending motions or request for a certificate of appealability are DENIED.

## II.  BACKGROUND

On February 17, 1994, the Circuit Court of the Second Circuit, State of Hawaii ("circuit court"), sentenced Petitioner to seven concurrent twenty-year terms of imprisonment on his conviction for seven Class A felonies for sexual assault in the first degree in Cr. No. 93-0173(2).  *See* App. A, Doc. No. 8-1; *see also* Hawaii Revised Statutes ("HRS") § 707-730(2) (defining sexual assault in the first degree as a Class A

felony), and § 706-659.[1]

On May 25, 1995, after a minimum term hearing, the Hawaii Paroling Authority ("HPA") set Petitioner's minimum term at eight years for each term of imprisonment, pursuant to HRS § 706-669(1),[2] with a minimum term expiration date of April 11, 2001.  App. B, Doc. No. 8-2.

On May 3, 1995, the circuit court sentenced Petitioner to a five year term for escape in the second degree in Cr. No. 94-0092(1), to run consecutively to

---

[1]  Section 706-659 states in pertinent part:

a person who has been convicted of a class A felony . . . shall be sentenced to an indeterminate term of imprisonment of twenty years *without the possibility of suspension of sentence or probation*. The minimum length of imprisonment shall be determined by the Hawaii paroling authority in accordance with section 706-669.

(emphasis added).

[2] Section 706-669(1) states:

(1) When a person has been sentenced to an indeterminate or an extended term of imprisonment, the Hawaii paroling authority shall, as soon as practicable but no later than six months after commitment to the custody of the director of the department of [public safety] hold a hearing, and on the basis of the hearing make an order fixing the minimum term of imprisonment to be served before the prisoner shall become eligible for parole.

the seven concurrent twenty-year terms in Cr. No. 93-0173(2). App. C, Doc. No. 8-3. Petitioner's combined maximum term for both criminal proceedings is therefore twenty-five years.

On March 28, 1996, the HPA set Petitioner's minimum term in Cr. No. 94-0092(1) at three years, to begin when his minimum term expired in Cr. No. 93-0173(2), and expire three years later, on April 10, 2004. This date represents the aggregated *minimum* term for both criminal proceedings, and the earliest date that Petitioner was eligible for release on parole. App. D, Doc. No. 8-4.

On June 19, 2007, three years after his aggregated minimum terms expired, the HPA granted Petitioner parole, to commence on June 26, 2007. App. E, Doc. No. 1-5 ("HPA Order"). The HPA Order explicitly informed Petitioner that his full "Term of Parole" in Cr. No. 93-0173(2) would expire on December 11, 2013, and his full Term of Parole in Cr. No. 94-0092(1) would expire on June 26, 2018. *Id.* The HPA notified Petitioner that, if he violated the terms and conditions of

4

parole, he "may be required to serve the remainder of his/her term."  *Id.*, PageID #185.

On April 11, 2008, Petitioner pled guilty to three separate, serious violations of the terms and conditions of his parole at a revocation hearing.  On April 17, 2008, the HPA revoked Petitioner's parole, and recommitted him for the balance of his maximum terms in Cr. Nos. 93-0173(2) and 94-0092(1), as imposed by the circuit court.  App. F, Doc. No. 8-6.

On January 13, 2012, Petitioner, proceeding pro se, signed a petition for post-conviction relief pursuant to Rule 40 of the Hawaii Rules of Penal Procedure ("HRPP").  App. G, Doc. No. 8-7 (S.P.P. No. 12-1-0003(2)) ("Rule 40 Petition").[3]  Petitioner did not challenge the revocation of his parole or HPA decision to commit him for the remainder of his maximum terms.  Rather, he alleged that his continued imprisonment until his original *maximum* terms was incorrect because

---

[3] The Rule 40 Petition is deemed filed on January 13, 2012, the date it was mailed.  *See Campbell v. Henry*, 614 F.3d 1056, 1059 (9th Cir. 2010) (holding inmate's petition is deemed filed when handed to prison officials for mailing); *Setala v. J.C. Penney Co.*, 97 Haw. 484, 40 P.3d 886 (2002) (same).

his *minimum* terms were "fully served and expired." *Id.*, PageID #198.  Petitioner theorized that, because his minimum term in Cr. No. 93-0173(2) expired on April 11, 2001, and his consecutive minimum term in Cr. No. 94-0092(1) began on that date, meaning his twenty-year terms in Cr. No. 93-0173(2) were effectively discharged on April 11, 2001.  Under this creative theory, Petitioner alleges his five-year sentence in Cr. No. 94-0092(1) was therefore completed on or about April 12, 2006.[4]  *Id.*

The State disputed this interpretation of his terms of sentence, explaining that the trial court sentenced him to seven concurrent twenty-year terms in Cr. No. 93-0173(2), and a five-year consecutive terms in Cr. No. 94-0092(1).  App. H, Doc. No. 8-8.  Under Hawaii law, minimum terms, aggregated or not, represent the earliest possible date that an inmate can be released, not the expiration of his maximum terms of imprisonment.  *Id.* (citing HRS §§ 353-62, 353-65, 353-

---

[4] Petitioner fails to explain why he never raised this issue while he was incarcerated for more than a year beyond this date, until his release on June 26, 2007.

66, 706-668, 706-670, and Hawaii Administrative Rule § 23-700-51) (discussing a trial court's authority to impose consecutive maximum terms and the HPA's authority to set minimum terms, grant, discharge, or revoke paroles, and recommit inmates to serve maximum terms).

On November 5, 2012, the circuit court denied Petitioner's Rule 40 Petition without a hearing as "patently frivolous and without a trace of support in the record and from other evidence submitted in support of the Petition."  App. J, Doc. No. 8-10.

Petitioner appealed.  App. L, Doc. No. 8-11.  On April 10, 2015, the Hawaii Intermediate Court of Appeals ("ICA") affirmed the circuit court.  Doc. No. 1-17; *see also Ruh v. State*, 2015 WL 1609568 (Haw. App. 2015).  On August 10, 2015, the Hawaii Supreme Court rejected certiorari.  App. R, Doc. No. 8-18.

On January 23, 2016, Petitioner signed and mailed the present Petition; it was received and filed on January 27, 2016.  Petitioner raises five grounds for relief under 28 U.S.C. § 2254, reiterating his

arguments in his Rule 40 Petition, alleging violations of the Ex Post Facto Clause, the Eighth and Fourteenth Amendments, and Hawaii state law. *See* Pet., Doc. No. 1, PageID #10-31 (Grounds One through Five). Petitioner also raises a civil rights claim under 42 U.S.C. §§ 1983, 1985, and 1986, alleging inadequate or illegal law library policies at the Saguaro Correctional Center ("SCC"), where he is incarcerated. *Id.*, PageID #32-37.

### III.  JURISDICTION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus by a person in custody under a judgment of a state court can be reviewed and granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam).  Petitioner was convicted in Hawaii, asserts violations of the United States Constitution, and challenges actions that arise from a parole hearing held in the City and County of Honolulu.  Jurisdiction lies in this court.  28 U.S.C.

§ 2254(a); 28 U.S.C.§ 2241(d).

## IV. LEGAL STANDARDS

A petition for writ of habeas corpus under 28 U.S.C. § 2254(d) will not be granted unless the petitioner can show that the state court's adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams v. Taylor*, 529 U.S. 362, 412-413 375 n.7 (2000); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

## V. ANALYSIS

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section

2254 Cases in the United States District Court.

### A. Petitioner's Claims

Petitioner emphasizes that he challenges neither his original convictions, sentences, revocation of parole, nor subsequent recommitment to serve his maximum terms.  *See* Reply, Doc. No. 9, PageID #416, 418.  Petitioner instead challenges the HPA's "computation of his sentence" in 2008, and its "ability to perform this computation."  *Id.* at 418.  He states that his claims involve the HPA's calculation of his maximum terms, which he alleges was done "illegally by tolling the actual sentence's [sic]."  *Id.* at 419 (emphasis in original).

### B. No Constitutional Right to Parole

First, a prisoner has "no constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Swarthout*, 562 U.S. at 220.  Additionally, "the States are under no duty to offer parole to their prisoners."  *Swarthout*, 562 U.S. at

220. A valid conviction, with all its procedural safeguards, generally extinguishes any *federal* liberty right to freedom from incarceration. *Greenholtz*, 442 U.S. at 7; *see also Meachum v. Fano*, 427 U.S. 215, 224 (1976). Petitioner concedes that the circuit court sentenced him to seven twenty-year terms in Cr. No. 93-0173(2), and a five-year consecutive term in Cr. No. 94-0092(1). He has no right under the United States Constitution to release before the expiration of these maximum term sentences.

**C.  No State-created Liberty Interest in Parole**

Second, the right to release prior to the expiration of a maximum sentence can exist if State law creates a liberty interest in such a right. *Swarthout*, 562 U.S. at 220; *Greenholtz*, 442 U.S. at 7. It is long settled that Hawaii's parole statutes and State law do not create a liberty interest in parole or release prior to the expiration of a maximum term. *See e.g.*, *Mujahid v. Apao*, 795 F. Supp. 1020, 1024 (D. Haw. 1992)("A proper application of *Greenholtz* requires the court to conclude that the Hawaii parole statute does

not create a liberty interest protected by the Due Process Clause."); *Wideman v. Thomas*, 2014 WL 4407708, at *9 (D. Haw. Sept. 5, 2014) (same); *Kula v. Malani*, 2007 WL 2874839, at *3 (D. Haw. Sept. 27, 2007)(same). Petitioner has no protected liberty interest under State law.

**D. Petitioner Fails to Identify What Due Process He Was Allegedly Denied**

Third, even if Hawaii state law created such a liberty interest, which it does not, Petitioner does not identify what procedures he was denied. Due process requires only minimal procedures when parole is denied -- an opportunity to be heard and a statement of the reasons for denial. *Swarthout,* 562 U.S. at 220; *Greenholtz*, 442 U.S. at 16. Nothing more. Petitioner has no federal right to parole, or state-created liberty interest in due process before the denial of parole. Petitioner fails to allege that he petitioned for and been denied a parole hearing since his parole revocation. And, he explicitly does not contest the procedures during his parole revocation hearing. He

12

has not and cannot identify what due process he has been denied.

**E.  No Ex Post Facto or Eighth Amendment Claims**

Fourth, Petitioner does not explain his reliance on the Eighth Amendment or the Ex Post Facto Clause. "Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds." *Belgarde v. Montana*, 123 F.3d 1210, 1215 (9th Cir. 1997); *see also Durr v. Davis*, 2016 WL 1553886, at *2 (C.D. Cal. Mar. 7, 2016), *report and recommendation adopted*, 2016 WL 1532225 (C.D. Cal. Apr. 13, 2016).  Petitioner does not argue that his maximum sentences exceed the statutory maximum for his crimes, or that the HPA's determination exceeds the sentences originally imposed and authorized by statute.  *See* HRS § 706-659.

Petitioner also fails to explain how the Ex Post Facto Clause applies to his claims.  States may not enact an ex post facto law.  U.S. Const., Art. I, § 10, cl. 1; *Garner v. Jones*, 529 U.S. 244, 249, (2000). That is, the Ex Post Facto Clause bars laws that

13

retroactively increase the punishment for a crime after its commission.  *Id.* at 250.  "Retroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept."  *Id.; see also Gilman v. Brown*, 814 F.3d 1007, 1018 (9th Cir. 2016) (holding no ex post facto violation regarding newly enacted California law regarding inmate credits).

When "reviewing decisions of state parole authorities for potential Ex Post Facto Clause issues, the question is not whether "'discretion has been changed in its exercise' by changes in parole procedures, but whether discretion 'will not be exercised at all.'"  *Gilman*, 814 F.3d at 1018, (quoting *Garner*, 529 U.S. at 254).

Petitioner does not identify, and the court does not discern *any changes* to Hawaii's parole procedures since his conviction, retroactive or otherwise.  Nor does he show that the HPA failed to exercise discretion here.  In Hawaii, "[p]aroles may be granted by the Hawaii Paroling Authority at any time after the prisoner has served the minimum term of imprisonment

fixed according to law[.]" HRS § 353-68(a). In particular, Hawaii law states:

> No parole shall be granted unless it appears to the Hawaii Paroling Authority that there is a reasonable probability that the prisoner concerned will live and remain at liberty without violating the law and that the prisoner's release is not incompatible with the welfare and safety of society.

HRS § 353-69. The HPA's revocation of Petitioner's parole for three serious parole violations, after a revocation hearing was held (to which no objection is made), supports a careful exercise of HPA discretion to protect the "welfare and safety of society." *Id.*

**F. Petitioner Raises Only State Law Claims**

The true crux of Petitioner's claims is that the HPA, and, on collateral review, the state courts, did not properly apply Hawaii state law when they "computed" his maximum terms. The HPA neither recomputed Petitioner's maximum terms nor changed them. It simply informed Petitioner that he was subject to serve the maximum terms already imposed by the circuit court and later upheld on appeal.

Moreover, "'federal habeas corpus relief does not lie for errors of state law.'" *Swarthout*, 562 U.S. 216, 219 (quoting *Estelle*, 502 U.S. at 67); *Miller v. Ore. Bd. Of Parole and Post Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("[T]he responsibility for assuring that the constitutionally adequate procedures governing [the state's] parole system are properly applied rests with [the state] courts, and is no part of the Ninth Circuit's business."); *Roberts v. Hartley*, 640 F.3d 1042, 1047 (9th Cir. 2011) (holding that a federal habeas court is not authorized to reevaluate a state's application of its own rules to determine parole eligibility).

## G. Ground Six is Not Cognizable on Federal Habeas Review

Finally, Petitioner admits that his claims in Ground Six arise under 42 U.S.C. §§ 1983, 1985, and 1986, and allege a conditions of confinement claim rather than a challenge to his conviction or sentence. He apparently does so as support for his argument that his claims should be equitably tolled. The court need

16

not reach that argument, however.  And, because success on these claims cannot "necessarily spell speedier release," because Petitioner has no right to parole before his maximum sentence, these claims are not properly brought in a habeas petition.  *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *see also Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) (stating such claims "may be brought, if at all, under § 1983" (quoting *Wilkinson*, 544 U.S. at 82).  Petitioner is not precluded from initiating a separate civil rights lawsuit on this claim, if he chooses

Plaintiff's claims are not cognizable under federal habeas jurisdiction and are DISMISSED WITH PREJUDICE.

## VI.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied.  A certificate of appealability may issue only when a Petitioner has made "a substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2). To satisfy this standard when the Court has dismissed a § 2254 petition (or claims within) on procedural grounds, a Petitioner must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the Court denies a § 2254 petition on the merits, a Petitioner must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.* Petitioner has not made any showing, let alone a substantial one, of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find this assessment of Petitioner's claims debatable or wrong. *Slack*, 529 U.S. at 483. Accordingly, the court declines to issue a certificate of appealability.

## VII. <u>CONCLUSION</u>

The Petition is DISMISSED with prejudice for failing to state a cognizable claim for relief under 28 U.S.C. § 2254. A certificate of appealability is

DENIED.  The Clerk of Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 9, 2016.



　　　　　　　　　　　　　　　　　 /s/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　　　United States District Judge

*Ruh v. Espinda, et al.*, 1:16-cv-00034 LEK/RLP; Habeas 2016 Ruh 16-34 lek (ftsc)